IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 3:13-cr-207 |
| | ) | |
| RAHIM SABADIA, | ) | Sentencing Date: March 20, 2014 |
| | ) | |
| *Defendant*. | ) | |

**DEFENDANT RAHIM SABADIA'S RESPONSE TO
<u>NON-PARTY VIRGINIA HAMMOND'S MEMORANDUM IN AID OF SENTENCING</u>**

Defendant Rahim Sabadia respectfully sets forth below his position in response to Non-Party Virginia Hammond's ("Hammond") Memorandum in Aid of Sentencing (Docket No. 18) ("Hammond Memorandum"). First and foremost, the Court should not consider the Hammond Memorandum, because "there is no procedure for nonparty intervention in criminal cases. The Federal Rules of Criminal Procedure express an aversion to allowing third-party interference with sentencing." <u>United States v. Slovacek</u>, 699 F.3d 423, 427 (5th Cir. 2012); <u>see generally</u> <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) (acknowledging case law establishing that "a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another").

Additionally, Ms. Hammond is not a crime victim and thus has no right to be heard at sentencing. <u>See</u>, e.g., F.R.C.P. 32(i)(4) (the defendant, the defendant's attorney, the government's attorney, and a victim are eligible to speak at a criminal sentencing proceeding); <u>see also</u> 18 U.S.C. § 3771(e) (defining a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense"). As the PSR notes, "there are no identifiable

1

victims or restitution issues" in this case.  PSR at page 6.  Certainly Ms. Hammond is not one.

Furthermore, Mr. Sabadia's sentencing proceeding is not the appropriate place for Ms. Hammond to appeal the 2013 Florida state-court judgment of $13.9 million awarded against her to Mr. Sabadia and other plaintiffs for her having defaulted on a personal guaranty on a promissory note for the purchase of land.  <u>See</u> only partially disclosed description of the judgment on page 22 of Hammond Memorandum.  Nor is it the place for her to air any other grievances with Mr. Sabadia, for example related to her ten-year-long divorce proceeding with her ex-husband, who is the brother of Mr. Sabadia's wife.  <u>See</u> incomplete reference to former marriage on page 23.  To consider Hammond's Memorandum would require additional evidentiary hearings regarding the allegations and documents she included with her filing, many of which are demonstrably false but require extrinsic evidence to demonstrate.

For example, Hammond purports to recite perjury allegations described in an email written by a former communications consultant who had been retained by Mr. Sabadia in connection with litigation.  <u>See</u> Hammond Memorandum pages 16 to 17.  Absent from the Hammond Memorandum however is an explanation to the Court that thereafter Mr. Sabadia brought legal action in California to obtain and did obtain a restraining order against the former consultant, and in connection with that action the consultant acknowledged that his allegation of perjury was untrue and was made only to obtain payments he felt Mr. Sabadia owed him.

Much of the rest of Hammond's Memorandum recites factual issues that were either known to the government and/or the probation officer and included in the Pre-Sentence Report.  For example, Hammond quotes extensively from proceedings related to a mid-1980s conviction that is both already described in the PSR (pages 7 to 8) and that occurred thirty years ago—before

Mr. Sabadia founded Sabtech and before he became the mature businessman he is today. This is precisely the reason the Sentencing Guidelines do not consider such an old conviction in calculating the appropriate sentence. See PSR at pages 7-8 and Worksheet C (Criminal History). Hammond similarly refers to an IRS debt stemming from a freely voluntary disclosure made by Mr. Sabadia with the advice of his attorneys to the IRS—a debt which was noted in the PSR (pages 22-23) and which Mr. Sabadia has satisfied by payment in full as noted in the PSR at page A-1.

All of the above reasons illustrate why it makes sense that courts have an aversion to accepting or considering the intervention by a non-victim, non-party at sentencing. See Slovacek, 699 F.3d at 427. Accordingly, Mr. Sabadia respectfully submits that his position is that the Court should not consider the Hammond Memorandum with respect to his sentencing and Ms. Hammond should not be afforded any opportunity to address the Court at sentencing.

Dated: March 18, 2014.

    Respectfully submitted,

    /s/
Paul W. Butler
Jeffrey M. King
Jonah E. McCarthy (VA Bar No. 68415)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave., NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: jmccarthy@akingump.com

*Counsel for Defendant Rahim Sabadia*

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Assistant United States Attorney
Brian R. Hood
Criminal Supervisor, Richmond Division
U.S. Attorney's Office
Eastern District of Virginia
600 East Main Street
Suite 1800
Richmond, VA 23219-2447

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

Virginia Hammond
553 McIntosh Loop
Aiken, SC 29805

                                                /s/
Jonah E. McCarthy, VA Bar No. 68415
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4130
Fax: (202) 887-4288
Email: jmccarthy@akingump.com

*Counsel for Defendant Rahim Sabadia*